**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Application of<br><br>FourWorld Capital Management LLC,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 23- |

**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

1. FourWorld Capital Management LLC ("Petitioner") respectfully requests an order in the form attached hereto permitting Petitioner to obtain certain limited discovery (the "Requested Discovery") under 28 U.S.C. § 1782 ("Section 1782") in connection with proceedings pending in Spain, to which Petitioner is a party (the "Spanish Proceeding"). In support of its application, Petitioner submits a Memorandum of Law and the Declarations of Duane L. Loft (the "Loft Declaration") and Ignacio Aragón Alonso. Petitioner further states as follows:

2. Petitioner seeks the assistance of this Court to obtain the Requested Discovery from Kroll, LLC (f/k/a Duff & Phelps, LLC) and American Appraisal Associates, LLC (collectively, "Respondents"), who are both "found" for purposes of Section 1782 in this District. Petitioner's narrowly tailored requests (the "Requests") are set forth in the Subpoenas attached as Exhibits 1 and 2 to the Loft Declaration (the "Subpoenas"). As set forth in the accompanying declarations, the Spanish National High Court (*Andiencia Nacional*, or the "Spanish Court") will be highly receptive to evidence sought here and assistance from this Court.

3. Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

4. The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions: (1) Respondents are "found" in this District because they are incorporated in Delaware; (2) the Requested Discovery will be used in the Spanish Proceeding; and (3) Petitioner is an "interested persons" in that proceeding.

5. This application also meets the discretionary factors of Section 1782. As explained further in the accompanying submissions: (1) Respondents are not parties to the Spanish Proceeding; (2) the Spanish Court will be receptive to judicial assistance from a U.S. court; (3) Petitioner is not attempting to circumvent foreign proof-gathering restrictions; and (4) the Requested Discovery is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

6. Petitioner therefore respectfully requests that this Court grant its application for an Order granting Petitioner leave to serve Respondents with the Subpoenas attached as Exhibit 1 and Exhibit 2 to the Loft Declaration.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

1. Directing Respondents to file any opposition to the Application within 14 days of service of the Application;

2. Directing Petitioner to file any reply in support of the Application within 7 days of Respondents' opposition(s);

3. Absent a timely opposition filed by Respondents, granting the Application and allowing Petitioner to serve the Subpoenas on Respondents;

4. Directing Respondents to produce the requested documents within 30 days of service of the Subpoenas, or such other date as agreed between the parties, and in conformity with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware;

5. Directing Respondents to each appear for a Rule 30(b)(6) deposition in compliance with the Subpoenas on a mutually agreeable date within a reasonable time after Respondents confirm the final production of documents in response to the Subpoenas; and

6. Directing Respondents to preserve all documents, electronic or otherwise, and any evidence in their possession, custody, or control that may contain information potentially relevant to the subject matter of the Spanish Proceeding.

OF COUNSEL:

Duane L. Loft
Brianna Hills Simopoulos
Jingxi Zhai
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300
duane.loft@pallasllp.com
brianna.simopoulos@pallasllp.com
jingxi.zhai@pallasllp.com

Dated: December 22, 2023

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

 /s/ Jamie L. Brown
Jamie L. Brown (# 5551)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
jbrown@hegh.law

*Attorneys for Petitioner*